USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/4/18

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

UNITED STATES OF AMERICA,

         *-against-*

ERIC MANUEL

         *Defendant.*

------------------------------------------------------------X

14 Cr. 497 (PAC)

**OPINION & ORDER**

HONORABLE PAUL A. CROTTY, United States District Judge:

    Eric Manuel, *pro se*, moves to modify his sentence, claiming that the Bureau of Prisons erred in refusing to give him credit for prior custody that he is entitled to under 18 U.S.C. § 3585. *See* Motion, Dkt. 34. Manuel argues that he is entitled to 19 months of credit, and he requests that the Court either modify his sentence by 19 months or otherwise enter an order granting him 19 months of credit. The Court previously denied such a request by Manuel. *See* Order, Dkt. 33. Manuel appears to believe that the Court previously denied his request only because it was procedurally improper. *See* Mem. in Supp., Dkt. 35. Not so. Rather, the Court explained that "there is no basis for the Court to adjust Manuel's sentence." *See* Order, Dkt. 33. To resolve Manuel's misunderstanding, the Court once again explains why Manuel is not entitled to receive an additional 19 months of credit towards his 30-month sentence.

    Manuel was convicted of possessing a firearm in violation of 18 U.S.C. 922(g)(1) on January 12, 2015. *See* 1/12/15 Conf. Tr., Dkt. 23, at 6. Prior to sentencing, Manuel requested that the Court reduce by 19 months any sentence it intended to impose because otherwise Manuel would not receive credit for the 19 months he spent in custody prior to being sentenced.

As Manuel's sentencing submission explains:

> Mr. Manuel was arrested for the conduct underlying the instant case on September 20, 2013. He was charged in the state system and detained there. At the time, Mr. Manuel was out on bail on unrelated state charges related to a July 27, 2013 arrest. While the state pursued the instant charges, Mr. Manuel was detained in a state facility. His time was being credited to the September 20 case, not the July 27 case.
>
> But, nine months later, the charges related to the September 20 arrest were transferred to the federal system. On July 14, 2014, Mr. Manuel was moved here pursuant to a *writ*, charged in a federal criminal complaint, and has been detained at the M.C.C. ever since. Although the federal prosecution rendered moot the state prosecution on the September 20 charges, Mr. Manuel remains in federal custody pursuant to a *writ*. As such, he is not receiving credit against his federal sentence for his time.
>
> Against this unusual backdrop and without Court intervention, Mr. Manuel will receive no credit for the 19 months (9 months at the M.C.C.) he has been detained for these charges.

Sentencing Letter, Dkt. 25, at 2 n.2. At sentencing, the Court expressed its agreement with this assessment that, because of this procedural history, the Bureau of Prisons would not give Manuel credit under 18 U.S.C. § 3585. *See* Sentencing Tr., Dkt. 29, at 14:12-14. ("As I understand the law and how the Bureau of Prisons calculate the time, he will not get credit because that is time-served on the state charge."). Anticipating that the BOP would not give him this credit, the Court stated, "I am going to give a credit to the sentence that I am about to impose in the amount of 19 months." *Id.* at 14:16-17.

When imposing the sentence, the Court calculated the guidelines range as 37 to 46 months, and noted that this was only a starting point. *Id.* at 13:17-21. The Court then noted that it was troubled by the fact that Manuel was arrested for criminal possession of a weapon "literally two months before the charge that brings [him] here to federal court," that Manuel's gun was loaded, that Manuel carried the gun in "the daytime in 93rd Street and First Avenue," and that "these guns do tremendous damage in the City of New York." *Id.* at 13:22–14:9. After

2

recounting these facts, which would justify an upward variance, the Court stated that it would adjust the sentence downward by 19 months. *Id.* at 14:10-21. The Court concluded, "I am going to impose a sentence of 30 months to reflect the 19 months that he's already served and been incarcerated." *Id.* at 14:22-24.

Thus, the Court already made the adjustment which Manuel seeks. Because of the 19 months Manuel spent in custody, the Court sentenced him to 30 months' incarceration instead of varying upward and sentencing him to 49 months' incarceration. Because the Court already gave Manuel credit in imposing its sentence, the BOP did not err in refusing to give him credit for this same time spent in custody. Indeed, the Court anticipated the BOP's refusal to grant him credit for the time he spent in custody, and the Court accounted for it by choosing to sentence Manuel to only 30 months instead of 49 months. Therefore, as stated in the previous order, there is no basis to adjust Manuel's sentence any further, and his motion is DENIED.

Dated: New York, New York
~~August ~~, 2018~~
Sept. 4, 2018

SO ORDERED

/s/ Paul A. Crotty
PAUL A. CROTTY
United States District Judge

Copy mailed to:

Eric Manuel
Fed. Reg. No. 71245-054
USP Canaan United States Penitentiary
P.O. Box 300
Waymart, PA 18472

3